**DIGITAL PRIVACY, INC., Plaintiff,**

v.

**RSA SECURITY, INC., Defendant.**

**No. 2:01CV529.**

United States District Court, E.D. Virginia, Norfolk Division.

April 30, 2002.

Stephen E. Noona, Kaufman & Canoles, Norfolk, VA, Edward A. Pennington, Robert C. Bertin, Alicia A. Meros, Swidler Berlin Shereff Friedman, Washington, DC, for plaintiff.

Walter D. Kelley, Troutman Sanders Mays & Valentine, LLP, Norfolk, VA, Steven M. Bauer, Testa, Hurwitz & Thibeault, LLP, Boston, MA, for defendant.

## ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on a motion by plaintiff Digital Privacy, Inc., ("Digital Privacy"), for entry of final order, or in the alternative, to stay the matter and certify it for appeal, filed April 9, 2002. Defendant RSA Security, Inc., ("RSA"), responded to plaintiff's motion on April 25, 2002.[1] The matter is ripe for review.

On April 4, 2002, this court issued an Order and Opinion that announced the claim construction of the patents at issue, in accordance with *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed.Cir. 1995), and granted summary judgment of noninfringement to RSA. Digital Privacy now moves the court to dismiss RSA's counterclaims as moot and enter a final judgment in the case. RSA alleged six counterclaims in its September 14, 2001 answer to Digital Privacy's original complaint. The first counterclaim sought a declaratory judgment of noninfringement of the '497 patent. The second counterclaim sought a declaratory judgment of noninfringement of the '440 patent. The third counterclaim sought a declaratory judgment of noninfringement of the '981 patent. These three counterclaims are dismissed as moot, given the court's April 4, 2002 ruling which granted summary judgment of noninfringement to RSA.

The fourth counterclaim sought declaratory judgment of invalidity of the '497 patent. The fifth counterclaim sought declaratory judgment of invalidity of the '440 patent. The sixth counterclaim sought declaratory judgment of invalidity of the '981 patent. The court exercises its discretion to grant Digital Privacy's motion for dismissal of the invalidity counterclaims as moot. "Where, as here, noninfringement is clear and invalidity is not plainly evident, it is appropriate to treat only the infringement issue." *Leesona Corp. v. United States,* 208 Ct.Cl. 871, 530 F.2d 896, 906 n. 9 (1976) (quoted by *Phonometrics, Inc. v. Northern Telecom, Inc.,* 133 F.3d 1459, 1468 (Fed.Cir.1998)).

In *Phonometrics,* the Federal Circuit affirmed a district court's dismissal of counterclaims seeking a declaration of pat-

---

**1.** RSA's response was untimely under Local Rule 7(e)(1). However, this court is within its discretion to entertain the motion. *See De-*

*Blasio v. Johnson,* 128 F.Supp.2d 315, 320 n. 2 (E.D.Va.2000).

ent invalidity and unenforceability in light of the court's granting a motion for summary judgment of noninfringement. 133 F.3d at 1468; *see also MLMC, Ltd. v. Airtouch Communications, Inc.,* 172 F.Supp.2d 557, 567 (D.Del.2001) ("Because summary judgment is granted on the non-infringment motion, the defendants' motions for summary judgment of invalidity ... are denied as moot."); *Angelo Mongiello's Children, LLC v. Pizza Hut, Inc.,* 70 F.Supp.2d 196, 208 (E.D.N.Y.1999) ("Since the court will grant defendant's motion for summary judgment of non-infringement, it declines to consider the motion for invalidity of the patent and will dismiss that motion as moot."). In accord with *Phonometrics,* this court exercises its discretion "to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." 133 F.3d at 1468. The April 4, 2002 judgment is final as to all counterclaims in RSA's September 14, 2001 answer.

■ Digital Privacy sought leave of the court to file a First Amended Complaint, which was granted on March 8, 2002. RSA filed an answer to the amended complaint on March 12, 2002. The answer was filed in accord with Federal Rule of Civil Procedure 15(a), which states "[a] party shall plead in response to an amended pleading ... within 10 days after service of the amended pleading." In its answer, RSA re-alleged the same six counterclaims as in its original answer and also alleged five additional counterclaims: (1) patent misuse; (2) tortious interference with advantageous relations, unfair competition, unfair trade practices, trade libel/product disparagement, and defamation; (3) violation of the Lantham Act; (4) abuse of process; and (5) false patent marketing.[2]

■ These five counterclaims cannot be dismissed as moot based on the claim construction and summary judgment opinion this court issued on April 4, 2002. Given that no final judgment can be entered in this case with the counterclaims still pending, Digital Privacy seeks certification pursuant to Federal Rule of Civil Procedure 54(b) to appeal the claim construction and summary judgment opinion. Rule 54(b) states in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for

**2.** RSA filed a Motion for Leave to File its Answer to First Amended Complaint on March 12, 2002, as well as filing its answer. However, as RSA was required to file an answer by Federal Rule of Civil Procedure 15(a), the motion for leave to file the answer was not necessary. When a plaintiff files an amended complaint that changes the scope of the case, the defendant is allowed to answer the amended complaint anew as though it were the original complaint. *See Tralon Corp. v. Cedarapids, Inc.,* 966 F.Supp. 812, 832 (N.D.Iowa 1997) ("In requesting permission to amend their complaint, plaintiffs asserted that it was necessary to amend the complaint to accurately reflect the status of the dispute.

The addition of [defendant's] counterclaim serves the same purpose ...'"), *aff'd,* 2000 WL 84400 (8th Cir. Jan.21, 2000); *see also Synermed Int'l, Inc. v. Laboratory Corp. of Am. Holdings,* 1999 WL 1939253, at *1 (M.D.N.C. March 3, 1999). Therefore, RSA was entitled to include the five new counterclaims in its answer to the amended complaint. *See, e.g., E.I. Dupont De Nemours & Co. v. Millennium Chems., Inc.,* 1999 WL 615164, at *4 (D.Del. Aug.2, 1999); *Salomon, S.A. v. Alpina Sports Corp.,* 737 F.Supp. 720, 722 (D.N.H.1990). Digital Privacy chose to amend its complaint six weeks before the scheduled trial date at its own peril.

delay and upon an express direction for the entry of judgment.

*Fed.R.Civ.Pro.* 54(b). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir.1993).

■ Digital Privacy has met its burden of demonstrating that a Rule 54(b) certification is appropriate. The court finds that the judgment of noninfringement in the April 4, 2002 opinion is final and that no just reason exists for delay. *See Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (stating the two steps for Rule 54(b) certification are to determine that the judgment is final and that there is no just reason for delay). First, the judgment in the April 4, 2002 opinion is final because the opinion construes the claims in the patents at issue and grants summary judgment of noninfringement to RSA. The opinion, therefore, is the "ultimate disposition" of the infringement claim. *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir.1993) (stating that for Rule 54(b) certification, a judgment must be final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action' ") (quoting *Curtiss–Wright*, 446 U.S. at 7, 100 S.Ct. 1460 (1980)).

Second, there is no just reason for delay in the entry of judgment. The court has considered the relationship between the adjudicated and unadjudicated claims, the possibility that the need for appellate review might be mooted by continued district court proceedings, and the possibility that the reviewing court might be obliged to consider the issue a second time. *See Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. 1460; *Braswell Shipyards*, 2 F.3d at 1335.

The court finds: (1) the claims Digital Privacy seeks to appeal through Rule 54(b) are separable from the others remaining to be adjudicated; (2) there is no possibility that continued district court proceedings on the remaining claims will moot the request for appellate review of the claim construction and judgment of noninfringement; and (3) the claim construction and judgment of noninfringement are not issues that an appellate court would have to revisit, if there were a subsequent appeal on the remaining claims.

In making this decision, the court has considered both the parties' interest in swift resolution of their disputes and the juridical concerns of preserving judicial resources. *See Fox v. Baltimore City Police Dept.*, 201 F.3d 526, 531 (4th Cir.2000). Further trial proceedings on the five counterclaims will not moot the issues involved or alter the analysis of the infringement question. *Id.* On the contrary, resolution of the appeal will aid in the resolution of the remaining counterclaims. This court's construction, which resulted in a granting of summary judgment of noninfringement to RSA, will be reviewed *de novo* by the Federal Circuit. *See Markman*, 52 F.3d at 974. The outcome of the counterclaims is contingent in part on the construction of the patent claims at issue in the case.[3]

The court certifies its April 4, 2002 Opinion and Order as a "final judgment" under Rule 54(b). The Clerk is **DIRECTED** to enter final judgment with respect to the claims upon which the court granted summary judgment in favor of RSA. Furthermore, the court **STAYS** all further proceedings on the remaining five counterclaims and the motion for attorney's fees and costs until any appeal of the April 4, 2002 Opinion and Order to the United States Court of Appeals for the Federal

---

**3.** The outcome of RSA's Motion for Attorney's Fees and Costs, filed April 25, 2002, is also

contingent in part on the construction of the patent claims at issue in this case.

Circuit is complete, or as otherwise directed by the appellate court.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record and to the Clerk of the United States Court of Appeals for the Federal Circuit.

**IT IS SO ORDERED.**